# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HITCH ENTERPRISES, INC.

    *Plaintiff,*

vs.

OXY USA INC.,

    *Defendant.*

Case No. 18-1030-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Hitch Enterprises, Inc. brings suit against Defendant Oxy USA Inc. alleging that Defendant breached its lease by underpaying royalty owners on oil and gas wells for approximately seven years. Plaintiff sought class certification on behalf of royalty owners in certain Kansas wells. The Court denied Plaintiff's motion for class certification, finding that Plaintiff could not meet the commonality and predominance requirements for certification. Plaintiff is now before the Court seeking reconsideration of that order (Doc. 85).

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] It is within the Court's discretion whether to grant or deny a motion for

---

[1] D. Kan. R. 7.3(b).

reconsideration.[2] A motion for reconsideration is not a vehicle for the losing party to rehash arguments previously considered and rejected.[3] "The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.' "[4] "It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally."[5] A motion to reconsider should also not be used as a second chance when a party "failed to present its strongest case in the first instance."[6]

Plaintiff seeks reconsideration asserting that the Court committed clear error by misconstruing the commonality requirement. Plaintiff asserts that the Court required Plaintiff to demonstrate several common questions of fact or law rather than just one. The Court did not. Instead, the Court determined that that there were not multiple common questions, and the one existing common question was so minor that it would not satisfy the predominance requirement. Thus, the Court found that Plaintiff could not meet the commonality and predominance standard for class certification. In Plaintiff's motion for reconsideration, it simply seeks to revisit issues that the Court already considered and takes issue with the Court's ultimate outcome. Accordingly,

---

[2] *Classic Commc'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

[3] *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[4] *Classic Commc'ns*, 180 F.R.D. at 399 (quoting *Mackey v. IBP, Inc.*, 1996 WL 417513, at *2 (D. Kan. July 22, 1996)).

[5] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[6] *Id.*

Plaintiff does not identify clear error, and the Court finds no basis to reconsider its previous holding.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Reconsideration (Doc. 85) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE